UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES WILSON,

    Plaintiff,

v.                                               Case No: 8:21-cv-1713-TPB-TGW

CARLTON DAVIS and,
365 LOGISTICS, LLC,

    Defendants.
_____/

**ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter is before the Court on "Defendant, 365 Logistics, LLC's Motion for Partial Summary Judgment as to Claims of Direct Negligence," filed on July 18, 2022. (Doc. 56). Plaintiff filed a response in opposition to the motion on August 29, 2022. (Doc. 64). Based on the motion, response, court file, and record, the Court finds as follows:

**Background**

On March 19, 2020, a truck owned by Defendant 365 Logistics, LLC, and driven by Defendant Carlton Davis with 365 Logistics' consent, collided with a vehicle driven by Plaintiff James Wilson. Plaintiff was injured and filed this lawsuit asserting one count of negligence against Davis and one count against 365 Logistics. The count against 365 Logistics asserts two theories of negligence: (1) vicarious liability for the negligence of Davis based on 365 Logistics' ownership of the vehicle and consent to Davis's driving it, and (2) direct liability based on 365 Logistics' negligence in supervising and training Davis. 365 Logistics has admitted that it owned the vehicle,

that it consented to Davis's driving it, and that it is liable for any negligence by Davis. 365 Logistics moves for partial summary judgment on Plaintiff's direct negligence theory, arguing that Plaintiff may not pursue both vicarious and direct liability theories at trial.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

## Analysis

Where, as here, a defendant has admitted that it will be vicariously liable for the negligence of a driver, Florida courts require the plaintiff to pursue the liability of

that defendant under a respondeat superior theory rather than based on the defendant's direct negligence. *See, e.g., Buckler v. Israel*, 680 F. App'x 831, 834 (11th Cir. 2017) ("Under Florida law, a claim for negligent hiring, retention, or supervision requires that an employee's wrongful conduct be committed outside the scope of employment."); *Delaurentos v. Peguero*, 47 So. 3d 879, 882 (Fla. 3d DCA 2010) ("Where, as here, a plaintiff alleges and a defendant admits that the alleged torts took place during the course and scope of employment, employer liability can only be pursued on the basis of respondeat superior and not on the basis that the employer was negligent."); *Clooney v. Geeting*, 352 So. 2d 1216, 1219 (Fla. 2d DCA 1977) (precluding presentation of direct negligence theories where the corporate defendant "has not denied ownership or permitted use of the truck driven by [the allegedly negligent driver]," and the direct negligence theories would "impose no additional liability . . .").[1]

Plaintiff correctly points out that courts allow direct negligence claims to proceed where they afford a path to liability without proof the driver was negligent or offer the potential for additional damages over and above those available under vicarious liability. For example, a direct negligence theory might be appropriate if it offered the prospect of punitive damages not recoverable on a vicarious liability claim.

---

[1] *Clooney* and other cases cited above involve employment relationships and they reference the doctrine of respondeat superior. While it appears undisputed that Davis, the driver, was employed by 365 Logistics and acted in the course and scope of his employment, Plaintiff's complaint expressly alleges vicarious liability based on 365 Logistics' ownership of the vehicle and consent to Davis's driving it, rather than on his employment. Plaintiff does not argue this pleading distinction makes a difference, and the Court sees no reason it would. The vicarious liability of a motor vehicle owner who has consented to allow another person to drive it "is bottomed squarely upon the doctrine of respondeat superior arising from a principal and agent relationship implied in law." *May v. Palm Beach Chem. Co.*, 77 So. 2d 468, 472 (Fla. 1955).

*See, e.g., Muzzio v. Auto-Owners Ins. Co.*, 799 So. 2d 272, 274 (Fla. 2d DCA 2001). But Plaintiff did not request punitive damages in his complaint, did not allege facts that would support a punitive damage claim, and has pointed to no record evidence that would support such a claim. *See Clooney*, 352 So. 2d at 1219-20 ("There being an insufficient pleading as a predicate for punitive damages, it follows that the trial court did not err in striking Clooney's Count II through V alleging negligent hiring, employment, and entrustment by Anderson Mfg.").

Courts have also allowed direct negligence claims to proceed when damages for vicarious liability are capped by § 324.021(9)(b)3, *F.S. See Trevino v. Mobley*, 63 So. 3d 865, 867 (Fla. 5th DCA 2011). That statute, however, limits damages awardable under vicarious liability as against a "natural person," and therefore does not apply to 365 Logistics, a limited liability company. A direct negligence theory might also be viable where the plaintiff alleges the defendant acted negligently in providing a defective vehicle to the driver, such that the defendant might be liable even if the driver is found not to have been negligent. *See, e.g.*, *Widdows v. Dwaine Wilco & Trucks, Inc.*, No. 3:20-cv-799-J-39PDB, 2020 WL 13133419, at *3-4 (M.D. Fla. Nov. 19, 2020), *report and recommendation adopted*, 2021 WL 7708907 (M.D. Fla. Mar. 12, 2021). Plaintiff has not alleged such a theory here.

Plaintiff suggests the holdings of *Clooney* and similar cases are impacted by the adoption of comparative fault. Comparative negligence was judicially adopted in Florida in 1973, four years before *Clooney*, and it was codified by the Legislature in 1986. *See Birge v. Charron*, 107 So. 3d 350, 355-57 (Fla. 2012). Florida courts have

continued to recognize the *Clooney* rule. Plaintiff offers no explanation why it would be unfair to confine his case against 365 Logistics to vicarious liability.

Finally, Plaintiff argues that foreclosing an alternative theory of liability "at the pleading stage" is inappropriate and that unspecified discovery requests remain outstanding. This case is not at the pleading stage. The time for pleading amendments has long passed, discovery is closed, and trial is scheduled for December 2022. Accordingly, Defendant 365 Logistics' motion for partial summary judgment is granted. *See Reyes v. Werner Enterprises, Inc.*, No. 16-21883-CIV, 2017 WL 3776826, at *2 (S.D. Fla. Aug. 30, 2017) (granting partial summary judgment on claims of negligent hiring, supervision, and retention where it was undisputed the driver operated the vehicle in the course and scope of his employment).

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant, 365 Logistics, LLC's Motion for Partial Summary Judgment as to Claims of Direct Negligence" (Doc. 56) is **GRANTED**.

(2) This case will proceed to trial against Defendant 365 Logistics, LLC, on Plaintiff's claim for vicarious liability only.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 13th day of October, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**